# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER STONEMAN,** | )<br>) **State Court Case No:** |
| Plaintiff, | ) **2016-CV-25407**<br>) |
| v. | )<br>) |
| | ) **Federal Court Case No:** |
| **NORFOLK IRON & METAL, and** | ) **4:21-CV-61** |
| **JAMES J. AJELLO,** | )<br>) |
| Defendant. | ) |

## JOINT NOTICE OF REMOVAL

**COME NOW,** Defendants Norfolk Iron & Metal and James J. Ajello (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby files their Joint Notice of Removal of the above captioned matter to the United States District Court for the Western District of Missouri, Western Division. Defendants state the following grounds supporting removal:

1. Plaintiff filed his Petition in the Circuit Court of Jackson County, Missouri on December 9, 2020, which was assigned the case number 2016-CV-25407.

2. Thereafter, Defendant Norfolk Iron & Metal was served with Plaintiff's Petition on January 6, 2021 and Defendant James Ajello was served with Plaintiff's Petition on January 19, 2021. (*See Summons* contained in the Circuit Court File, attached as **Exhibit A**).

3. Therefore, this Joint Notice of Removal is timely, as it is within 30 days of service of the Petition. *See* 28 U.S.C. § 1446(b)(1).

4. As alleged in Plaintiff's Petition, Plaintiff Christopher Stoneman is a resident of Cass County, Missouri, and therefore is a citizen of the State of Missouri for the purposes of

determining diversity jurisdiction. (*see Plaintiff's Petition,* ¶ 1, contained in the Circuit Court File, attached as **Exhibit A**).

5. As alleged in Plaintiff's Petition, Defendant James Ajello is a resident of Lyon County, Kansas, and therefore is a citizen of the State of Kansas for the purposes of determining diversity jurisdiction. (*see Plaintiff's Petition,* ¶ 5, contained in the Circuit Court File, attached as **Exhibit A**).

6. As alleged in Plaintiff's Petition, Defendant Norfolk Iron & Metal is incorporated in the State of Nebraska with its principal place of business located in the State of Nebraska; therefore, Defendant Norfolk Iron & Metal is a citizen of the state Nebraska for the purposes of determining diversity jurisdiction. *See Reid v. Ford, Bacon & Davis Const. Corp.,* 405 F.2d 861 (8th Cir. 1969). (*see Plaintiff's Petition,* ¶ 2, contained in the Circuit Court File, attached as **Exhibit A**).

7. As the Plaintiff is not a citizen of the same state of Defendant, complete diversity exists.

8. To satisfy the amount-in-controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder could legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff[s] suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must show only that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in the controversy requirement.")

9. Plaintiff's Petition alleges that Plaintiff "suffered significant permanent and progressive injuries, including but not limited to injuries to his back, neck, shoulders, and body as

a whole, disfigurement, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages." (*See e.g. Plaintiff's Petition,* ¶ 16, contained in the Circuit Court File, attached as **Exhibit A**).

10. Plaintiff's Petition further identifies damages including "past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss." (*See e.g. Plaintiff's Petition,* ¶ 17, contained in the Circuit Court File, attached as **Exhibit A**).

11. Plaintiff's Petition alleges that both Defendants acted with conscious disregard for safety and/or acted recklessly, relevant to a potential claim for punitive damages. (*See e.g. Plaintiff's Petition,* ¶¶ 19, 27, contained in the Circuit Court File, attached as **Exhibit A**).

12. Upon information and belief, there is currently a $72,746.14 worker's compensation lien on Plaintiff's claims, which includes payments for Plaintiff's medical treatment and lost wages allegedly stemming from the accident in question.

13. Therefore, a fact finder may reasonably conclude that the damages sought, including damages from a cerebral hemorrhage and a complete inability to return to work, demonstrate an amount in controversy that satisfies the jurisdictional minimum as it is reasonably expected to exceed $75,000.00 in accordance with 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(b).

14. This case is, therefore, removable pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy with respect to Plaintiff's claims is reasonably anticipated to exceed $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

15. A copy of the Circuit Court's file, including copies of all process, pleadings, and orders, filed in the above-referenced state court matter are attached hereto as **Exhibit A**.

16. Defendants certify that on the date of filing this Notice of Removal, Defendants sent a notice to be filed with the state court in the above-referenced state court matter, with a true and accurate copy of this Notice of Removal as well as proof of filing, attached as an exhibit. A copy of that notice, without its attachments, is attached hereto as **Exhibit B**. Both this Notice of Removal and the notice filed in the state court have been served upon counsel for Plaintiff.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ David R. Buchanan
David R. Buchanan                MO #29228
2345 Grand Boulevard, Ste. 2100
Kansas City, MO 64105
Ph:   816.472.0800
Fax:  816.421.1183
Email: dbuchanan@bjpc.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on 1st of February, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. In addition, a true and accurate copy of the above and foregoing was served via electronic mail, upon:

/s/ David R. Buchanan

25443067.mbl