**2016-CV25407 - CHRISTOPHER STONEMAN V NORFOLK IRON & METAL ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending  ○ Ascending

Display Options: [All Entries ▼]

---

**01/25/2021** ☐ **Notice of Service**
Return of Service - Summons to Defendant James Ajello; Electronic Filing Certificate of Service.
**Filed By:** JAMES TRIVETT THOMPSON
**On Behalf Of:** CHRISTOPHER STONEMAN

☐ **Summons Personally Served**
Document ID - 20-SMOS-1077; Served To - AJELLO, JAMES J.; Server - ; Served Date - 19-JAN-21; Served Time - 16:05:00; Service Type - Sheriff Department; Reason Description - Served

**01/21/2021** ☐ **Corporation Served**
Document ID - 20-SMCC-11411; Served To - NORFOLK IRON & METAL; Server - ; Served Date - 06-JAN-21; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - Served CSC Lawyers, L.S., Designee

**12/31/2020** ☐ **Judge Assigned**
Pursuant to Administrative Order 2020-196, this case has been transferred to Judge Bryan Round, Division 8

**12/15/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMOS-1077, for AJELLO, JAMES J..

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11411, for NORFOLK IRON & METAL.

☐ **Case Mgmt Conf Scheduled**
**Scheduled For:** 03/29/2021;  8:30 AM ;  BRYAN E ROUND;  Jackson - Kansas City

**12/09/2020** ☐ **Filing Info Sheet eFiling**
**Filed By:** JAMES TRIVETT THOMPSON

☐ **Memorandum Filed**
Memo to Clerk - Request for Summons.
**Filed By:** JAMES TRIVETT THOMPSON
**On Behalf Of:** CHRISTOPHER STONEMAN

☐ **Certificate of Service**
Certificate of Service.
**Filed By:** JAMES TRIVETT THOMPSON

☐ **Pet Filed in Circuit Ct**
Petition for Damages.

☐ **Judge Assigned**

*EXHIBIT A*

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| CHRISTOPHER W. STONEMAN | ) | |
| 8003 E. 163rd Court | ) | |
| Belton, MO 64012 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | Division |
| NORFOLK IRON &METAL | ) | |
| Serve: CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JAMES J. AJELLO | ) | |
| Serve: 2318 Arrowhead Drive, | ) | |
| Emporia, KS,  66801 | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

COME NOW Plaintiff CHRISTOPHER W. STONEMAN, by and through his undersigned counsel of record; and, for his Petition for Damages against Defendants, sets forth, states, and avers as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Parties

1.      That Plaintiff CHRISTOPHER W. STONEMAN, is an individual and resident of Cass County Missouri, residing at 8003 E. 163rd Court, Belton, MO 64012.

2.     That Defendant NORFOLK IRON & METAL CO., is a Nebraska corporation, with its principal place of business at 3001 N. Victory Rd., Norfolk, Nebraska, and can be served with process through its registered agent, CSC-LAWYER INCORPORATING SERVICE COMPANY, 221 Bolivar St., Jefferson City, Missouri 65101.

3.     That Defendant NORFOLK IRON & METAL CO., operates a fleet of 120 semi-tractors and 250 trailers, carrying loads well in excess of 50,000 pounds.

4.     That the operations of Defendant NORFOLK IRON & METAL CO., at issue were directed, authorized, and originated from its business location at 1701 E. South Avenue, P.O. Box 1467, Emporia, Kansas, including but not limited to the hiring of Defendant.

5.     That the training, or lack thereof, of Defendant JAMES J. AJELLO, occurred in the State of Kansas, and the actions of Defendant JAMES J. AJELLO, are monitored, and supervised from the business location of Defendant NORFOLK IRON & METAL CO., at 1701 E. South Avenue, P.O. Box 1467, Emporia, Kansas.

6.     That Defendant JAMES J. AJELLO, is an individual and resident of the State of Kansas, residing at 2318 Arrowhead Drive, Emporia, KS 66801, who was hired by Defendant NORFOLK IRON & METAL CO., in the State of Kansas, and was at all relevant times, operating a commercial motor vehicle on the roads of the State of Missouri, and in said operation, committed tortuous acts, including but not limited to the negligent operation of the tractor-trailer he was driving.

7.     That on or about July 16, 2018, at approximately 12:00 noon, Plaintiff CHRISTOPHER W. STONEMAN, while traveling on Interstate 670 in Jackson County, Missouri, at or about the 13th Street Exit Ramp, was seriously injured when an

2

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

INTERNATIONAL tractor-trailer, driven by Defendant JAMES J. AJELLO, violently struck the vehicle driven by Plaintiff, from behind.

8.      That at the time of the aforementioned automobile accident, Defendant JAMES J. AJELLO, was driving the aforementioned INTERNATIONAL tractor-trailer in the course and scope of his employment as a truck driver for NORFOLK IRON & METAL CO.

9.      That the 2014 Freightliner tractor-trailer driven by Defendant JAMES J. AJELLO, was owned by Defendant NORFOLK IRON & METAL CO., and operated under legal authority granted to Defendant NORFOLK IRON & METAL CO.

### Venue and Jurisdiction

10.     That venue in this cause is proper pursuant to 508.010 R.S.Mo.

11.     That Plaintiff Stoneman was first injured in the State of Missouri, while he was a lawful resident of the State of Missouri.

12.     That Defendants are residents of the States of Nebraska and Kansas, but committed tortious acts within the State of Missouri, and as such, the exercise of jurisdiction over them comports with the Missouri and United States Constitution.

13.     To the best of Plaintiff's knowledge and belief, JAMES J. AJELLO was either an employee of Defendant NORFOLK IRON & METAL CO., or operating under its authority, and was in the course and scope of his employment at the time of the above-referenced automobile accident.

3

## COUNT I - NEGLIGENCE OF DEFENDANTS
## <u>JAMES J. AJELLO and NORFOLK IRON & METAL CO</u>

### *(DIRECT NEGLIGENCE AND RESPONDEAT SUPERIOR)*

COME NOW Plaintiff CHRISTOPHER W. STONEMAN, by and through his undersigned counsel of record, and incorporates by reference, as though fully set forth herein, paragraphs 1 through 13 above, and further sets forth, states, and avers as follows:

14.     That at the time of the above-referenced accident, Defendant JAMES J. AJELLO was acting in the course and scope of his employment with Defendant NORFOLK IRON & METAL CO.

15.     That at the time of the above-referenced accident, Defendant JAMES J. AJELLO was negligent in the operation of the tractor-trailer he was driving and failed to use the highest degree of care with respect to the operation of said vehicle, including but not limited to the following:

        a.     Failing to travel at a safe speed for an interstate highway and conditions then existing;

        b.     Failing to operate at a proper and safe speed for conditions then existing, including but not limited to traffic conditions;

        c.     Striking Plaintiff's vehicle from behind; and

        d.     Failing to use the highest degree of care for the road conditions then existing.

16.     That as a direct and proximate result of the aforementioned negligence of Defendant JAMES J. AJELLO, while acting in the course and scope of his employment with Defendant NORFOLK IRON & METAL CO., Plaintiff CHRISTOPHER W. STONEMAN

4

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

suffered significant permanent and progressive injuries, including but not limited to injuries to his back, neck, shoulders, and body as a whole, disfigurement, loss of enjoyment of life, pain, trauma, emotional distress, and economic damages.

17.     That as a direct and proximate result of the aforementioned negligence of Defendant JAMES J. AJELLO, while acting in the course and scope of his employment with Defendant NORFOLK IRON & METAL CO., Plaintiff CHRISTOPHER W. STONEMAN has been caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future, as well as suffer future economic loss.

18.     That prior to the collision at issue, Defendant JAMES J. AJELLO had a history of reckless and unlawful conduct with respect to the operation of a motor vehicle on the public highways and roads.

19.     That Defendant JAMES J. AJELLO's conduct in the operation of his commercial motor vehicle on the date at issue, constituted reckless disregard for the traveling public, including but not limited to Plaintiff.

WHEREFORE, Plaintiff CHRISTOPHER W. STONEMAN prays for judgment against Defendants JAMES J. AJELLO and NORFOLK IRON & METAL CO., in an amount that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described automobile accident, and for all other further relief the Court deems just and proper, together with the costs of this action.

## COUNT II - NEGLIGENT ENTRUSTMENT CLAIM
## AGAINST DEFENDANT NORFOLK IRON & METAL CO

20.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19, including subparts, above as if fully stated herein.

21.    That at and prior to the collision referred to above, Defendant NORFOLK IRON & METAL CO., was the owner of the truck being driven by Defendant JAMES J. AJELLO.

22.    That Defendant NORFOLK IRON & METAL CO., caused or knowingly permitted Defendant JAMES J. AJELLO to drive its vehicle upon a highway, and/or gave or furnished the vehicle to Defendant JAMES J. AJELLO.

23.    That at the time Defendant NORFOLK IRON & METAL CO., furnished Defendant JAMES J. AJELLO with the vehicle, Defendant NORFOLK IRON & METAL CO., knew or should have known that Defendant JAMES J. AJELLO lacked the ability to safely operate the vehicle and therefore, should not have been entrusted with its use and operation.

24.    That at the time Defendant NORFOLK IRON & METAL CO., furnished Defendant JAMES J. AJELLO with the vehicle, Defendant NORFOLK IRON & METAL CO., knew or should have known that Defendant JAMES J. AJELLO had the following traffic and criminal violations on his record, including but not limited to the following:

      a.    Operating without equipment as required by law, on or about June 27, 2016; and

      b.    Following too closely, on or about September 19, 2017.

25.    That as a direct and proximate result of the negligence of Defendant NORFOLK IRON & METAL CO., in negligently entrusting its vehicle to Defendant JAMES J. AJELLO, in violation of regulatory standards and common law, Plaintiff CHRISTOPHER W. STONEMAN

6

has been caused to experience and incur physical injury to his back, neck, shoulders, and entire body, as well as medical expense, loss of enjoyment of life, lost wages, disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

26.     That as a direct and proximate result of the negligence of Defendant NORFOLK IRON & METAL CO., in negligently entrusting its vehicle to Defendant JAMES J. AJELLO, in violation of  regulatory standards and common law, Plaintiff CHRISTOPHER W. STONEMAN has been caused to experience and incur physical injury to his back, neck, shoulders, and entire body, as well as medical expense, loss of enjoyment of life, disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

27.     That in allowing Defendant JAMES J. AJELLO to operate the tractor-trailer at issue, Defendant NORFOLK IRON & METAL CO., exhibited conscious disregard for the rights and well-being of other persons on the roadway, including Plaintiff CHRISTOPHER W. STONEMAN, and otherwise acted recklessly with conscious disregard for the safety and well-being of Plaintiff CHRISTOPHER W. STONEMAN.

WHEREFORE, Plaintiff prays for judgment against Defendant NORFOLK IRON & METAL CO., in an amount in excess of $25,000, and all other relief that the Court deems just and proper, as well as his costs and expenses incurred in the prosecution of said claim.

## COUNT III –NEGLIGENCE SUPERVISION/TRAINING
## NORFOLK IRON & METAL CO

28.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27, including subparts, as if fully stated herein.

7

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

29.     That Defendant NORFOLK IRON & METAL CO., failed to institute adequate safeguards to prevent its drivers, including Defendant JAMES J. AJELLO, from operating its vehicles and for long periods of time while fatigued.

30.     That NORFOLK IRON & METAL CO., failed to properly and adequately train, supervise, and instruct Defendant JAMES J. AJELLO in the safe operation of the vehicle he was driving, all in violation of regulatory standards and mandates.

31.     That as a direct and proximate result of such failures and negligence on the part of Defendant NORFOLK IRON & METAL CO., Plaintiff CHRISTOPHER W. STONEMAN has been caused to experience and incur physical injury to his back, neck, shoulders, and entire body, as well as medical expense, loss of enjoyment of life, lost wages, disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

32.     That as a direct and proximate result of such failure on the part of Defendant NORFOLK IRON & METAL CO., Plaintiff CHRISTOPHER W. STONEMAN has been caused to experience and incur physical injury to his back, neck, shoulders, and entire body, as well as medical expense, loss of enjoyment of life, disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

33.     That in allowing Defendant JAMES J. AJELLO to operate the tractor-trailer at issue, without appropriate training, supervision and instruction, Defendant NORFOLK IRON & METAL CO., exhibited conscious disregard for the rights and well-being of other persons on the roadway, including Plaintiff CHRISTOPHER W. STONEMAN, and otherwise acted recklessly

with conscious disregard for the safety and well-being of Plaintiff CHRISTOPHER W. STONEMAN.

WHEREFORE, Plaintiff prays for judgment against Defendant NORFOLK IRON & METAL CO., in an amount in excess of $25,000, together and all other relief that the Court deems just and proper, as well as his costs and expenses incurred in the prosecution of said claim.

**COUNT IV- NEGLIGENT HIRING CLAIM
AGAINST DEFENDANT NORFOLK IRON & METAL CO.**

34.     Plaintiff incorporates the allegations contained in paragraphs 1 through 33, including subparts, above as if fully stated herein.

35.     That Defendant NORFOLK IRON & METAL CO., hired and then retained Defendant JAMES J. AJELLO to a position for which he was not properly trained, supervised, experienced, or qualified to hold.

36.     That Defendant NORFOLK IRON & METAL CO., was under the duty to exercise reasonable care to control its employee Defendant JAMES J. AJELLO, so as to prevent him from harming others, or from so conducting himself as to create an unreasonable risk of bodily harm to them, in that Defendant JAMES J. AJELLO was using a vehicle owned by Defendant NORFOLK IRON & METAL CO., and knew, or had reason to know, that it had the ability to control Defendant JAMES J. AJELLO, and knew or should have known of the necessity and opportunity for exercising such control.

37.     That Defendant NORFOLK IRON & METAL CO., knew or should, with the exercise of reasonable care, have known that the actions of Defendant JAMES J. AJELLO would create an unreasonable risk of harm to the public by operation of a vehicle he was not properly

9

experienced or trained to drive. That by failing to control, supervise and train Defendant JAMES J. AJELLO as an employee operating a commercial vehicle, Defendant NORFOLK IRON & METAL CO., owed a duty to Plaintiff.

38.     That as a direct result of the above-referenced negligence, Plaintiff CHRISTOPHER W. STONEMAN, sustained personal injury to his back, neck, shoulders, and entire body, as well as pain, suffering, loss of enjoyment of life, wage loss and economic loss, said injuries being permanent, progressive, and continuous in nature.

39.     That as a direct result of the above-referenced negligence, Plaintiff CHRISTOPHER W. STONEMAN sustained personal injury to his back, neck, shoulders, and entire body, as well as pain, suffering, loss of enjoyment of life, said injuries being permanent, progressive, and continuous in nature.

40.     That as a further direct and proximate result of the negligence of Defendants, as more fully set forth above, Plaintiff CHRISTOPHER W. STONEMAN is reasonably certain to suffer loss of wages and has suffered and is reasonably certain to suffer in the future, loss of wages and income.

41.     That the actions of Defendant NORFOLK IRON & METAL CO., in allowing Defendant JAMES J. AJELLO to operate the truck at issue, in light of his propensities for reckless operation of a motor vehicle, and lack of experience, proper background and training, constituted reckless indifference to the rights and physical well-being of Plaintiff, or otherwise wanton conduct.

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

WHEREFORE, Plaintiff prays for damages against Defendant NORFOLK IRON & METAL CO., in an amount in excess of $25,000, and all other relief that the Court deems just and proper, as well as his costs and expenses incurred in the prosecution of said claim.

<u>**Demand for Trial**</u>

COME NOW Plaintiff and requests a trial by jury on all issues so triable.


**EDELMAN & THOMPSON, L.L.C.**


By:    _____/s/ James T. Thompson_____
     James T. Thompson    MO #37245
     Elizabeth L. VanErem    MO #68812
     3100 Broadway - Suite 1400
     Kansas City, Missouri 64111
     Tel:  (816) 561-3400
     Fax:  (816) 561-1664
     jamesthompson@etkclaw.com
     evanerem@etkclaw.com

**ATTORNEYS FOR PLAINTIFF**

11

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| CHRISTOPHER W. STONEMAN | ) | |
| 8003 E. 163rd Court | ) | |
| Belton, MO 64012 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | Division |
| NORFOLK IRON &METAL | ) | |
| Serve: CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JAMES J. AJELLO | ) | |
| Serve: 2318 Arrowhead Drive, | ) | |
| Emporia, KS, 66801 | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's First Interrogatories and First Request for Production of Documents to Defendant Norfolk Iron & Metal, were served upon Defendant NORFOLK IRON & METAL with the summons and Petition for Damages. Plaintiff also served a copy of this Certificate of Service which was electronically filed consistent with the Court's ECF procedures.

1

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

**EDELMAN & THOMPSON, L.L.C.**

By:     */s/ James T. Thompson*

James T. Thompson          MO #37245
Elizabeth L. VanErem       MO #68812
3100 Broadway - Suite 1400
Kansas City, Missouri 64111
Tel:  (816) 561-3400
Fax:  (816) 561-1664
jamesthompson@etkclaw.com
evanerem@etkclaw.com

**ATTORNEYS FOR PLAINTIFF**

2

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 04:38 PM

# EDELMAN & THOMPSON, L.L.C.
### Attorneys at Law
Penntower Office Center
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400 • Fax: (816) 561-1664
www.edelmanthompson.com



Ronald L. Edelman
James T. Thompson
Michael W. Downing
Brendan C. Buckley
Steffanie L. Stracke
Michael B. White
R. Carl Mueller, Jr.

Keith V. Yarwood
Leah M. Mason
Melissa L. Steed
Brett J. Coppage
John H. Thompson
Elizabeth L. Van Erem
Chad A. Stewart

Of Counsel
John Parisi

December 9, 2020

Clerk of the Circuit Court
Jackson County Circuit Court

Re: **Stoneman v. Norfolk Iron & Metal et al. – New Case Filing
Request for Summons**

Please issue a summons for the Defendants at the service addresses listed below:

**Defendant**                                   **Sheriff County**

NORFOLK IRON &METAL                      Cole Co., Missouri
Serve: CSC-LAWYERS INCORPORATING
SERVICE COMPANY
221 Bolivar Street
Jefferson City, MO 65101

JAMES J. AJELLO                                Lyon Co., Kansas
Serve: 2318 Arrowhead Drive,
Emporia, KS, 66801

Plaintiff will forward the summons', documents and fees for service to the above Sheriff's offices. Thank you for your assistance with this matter. Should you have any questions or concerns please do not hesitate to contact me.

Very truly yours,

Karly Goll, Legal Assistant

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**CHRISTOPHER STONEMAN,**

|  |  |
|---|---|
| **PLAINTIFF(S),** | **CASE NO.** 2016-CV25407 |
| **VS.** | **DIVISION 8** |

**NORFOLK IRON & METAL, etal**

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable BRYAN E ROUND on **29-MAR-2021** in **DIVISION 8** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.     A trial setting;

b.     Expert Witness Disclosure Cutoff Date;

c.     A schedule for the orderly preparation of the case for trial;

d.     Any issues which require input or action by the Court;

e.     The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ BRYAN E ROUND
**BRYAN E FOUND, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ELIZABETH LEGACIE VANEREM, 8105 W 116TH ST, OVERLAND PARK, KS 66210

JAMES TRIVETT THOMPSON, EDELMAN & THOMPSON, L.L.C., 3100 BROADWAY, SUITE 1400, KANSAS CITY, MO 64111

Defendant(s):
 NORFOLK IRON & METAL
JAMES J. AJELLO

Dated: 15-DEC-2020

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN E ROUND | **Case Number:  2016-CV25407** |
| Plaintiff/Petitioner:<br>CHRISTOPHER STONEMAN | Plaintiff's/Petitioner's Attorney/Address<br>JAMES TRIVETT THOMPSON<br>EDELMAN & THOMPSON, L.L.C.<br>3100 BROADWAY<br>SUITE 1400 |
| vs. | KANSAS CITY, MO  64111 |
| Defendant/Respondent:<br>NORFOLK IRON & METAL | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Pers Injury-Vehicular | KANSAS CITY, MO  64106 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** NORFOLK IRON & METAL
                 **Alias:**
**CSC LAWYERS INC. SERVICE CO.**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*



*JACKSON COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

15-DEC-2020
     Date                                                 Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                 Signature of Sheriff or Server
              **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

     My commission expires: _____      _____
                         Date                       Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-11411     1     of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00061-SRB   Document 1-1   Filed 02/01/21   Page 19 of 28

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>BRYAN E ROUND | Case Number: 2016-CV25407 |
|---|---|
| Plaintiff/Petitioner:<br>CHRISTOPHER STONEMAN<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES TRIVETT THOMPSON<br>EDELMAN & THOMPSON, L.L.C.<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>NORFOLK IRON & METAL | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JAMES J. AJELLO
Alias:

**2318 ARROWHEAD DRIVE**
**EMPORIA, KS 66801**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

15-DEC-2020
Date                                                                                        Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
   (use for out-of-state officer)
*(Seal)*  ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:21-cv-00061-SRB Document 1-1 Filed 02/01/21 Page 22 of 28

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>BRYAN E ROUND | Case Number: 2016-CV25407 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHRISTOPHER STONEMAN | Plaintiff's/Petitioner's Attorney/Address<br>JAMES TRIVETT THOMPSON<br>EDELMAN & THOMPSON, L.L.C.<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY. MO 64111 | **RECEIVED**<br><br>JAN 0-5 2021<br><br>COLE COUNTY<br>SHERIFF'S OFFICE |
| | vs. | |
| Defendant/Respondent:<br>NORFOLK IRON & METAL | Court Address:<br>415 E 12th<br>KANSAS CITY. MO 64106 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** NORFOLK IRON & METAL

**Alias:**

CSC LAWYERS INC. SERVICE CO.
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-DEC-2020
Date

Clerk

**JACKSON COUNTY**

Further Information:

| FILED |
|---|
| CIVIL RECORDS |
| **21-JAN-21** |
| CIRCUIT COURT OF JACKSON COUNTY, MO |

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

CSC Lawyers, LS. (name) designee (title).

☐ other _____.

Served at 350 E. High (address)

in Cole (County/City of St. Louis), MO, on 01-06-2021 (date) at 800 AM (time).

Sheriff John P Wheeler By SA Aimee Wray
Printed Name of Sheriff or Server — Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date _____ Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ ( ____ miles @ $ ____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-11411** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:21-cv-00061-SRB Document 1-1 Filed 02/01/21 Page 24 of 28

Electronically Filed - Jackson - Kansas City - January 25, 2021 - 10:27 AM




OFFICE OF
# LYON COUNTY SHERIFF

JEFFREY A. COPE
SHERIFF

JOHN M. KOELSCH
UNDERSHERIFF

## AFFIDAVIT

RE:     Case     _Christopher Stoneman_

_vs_

_NorFork Iron & Metal_

Case # _16 cv 25707_

I, _T.D. Lehman_ , being of lawful age and first duly sworn, do

state:

That I am employed by the Lyon County Sheriff's Office, Lyon County, Kansas, and was so employed on

_01 19 2021_ .

That the _Summons_ to be served upon

_James ABello_ in the above matter was / were received in this Office

on _01 04 2021_ at _1154_ hrs.

That I did serve _James Agello_ by _serving wife Teresa_

at _2808 Sel Aire Gr. her Employment_

on _01 19 2021_ at _1605_ hrs.

That I was unable to attain service due to _____

_____ .

I declare under penalty of perjury that the above and foregoing information is true and correct to the best of my
knowledge.

_T.D. Lehman_

Subscribed and sworn to before me this
_19_ Day of _January_ , 20 _21_ .
_Christine D. Kolmer_
NOTARY PUBLIC
My Commission expires _01/29/2021_ .

CHRISTINE D. KOLMER
Notary Public • State of Kansas
My Appt. Expires _01/29/2021_

425 MECHANIC STREET • EMPORIA, KANSAS 66801 • PHONE (620) 341-3205 • FAX (620) 343-2074

Electronically Filed - Jackson - Kansas City - January 25, 2021 - 10:27 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN E ROUND | **Case Number:** 2016-CV25407 |
| Plaintiff's/Petitioner's:<br>CHRISTOPHER STONEMAN<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES TRIVETT THOMPSON<br>EDELMAN & THOMPSON, L.L.C.<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>NORFOLK IRON & METAL | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Pers Injury-Vehicular | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)   *JAMES AJello*

The State of Missouri to: JAMES J. AJELLO
  Alias: *2318 Arrowhead Dr.*

2318 ARROWHEAD DRIVE
EMPORIA, KS 66801

**COURT SEAL OF**

*(seal)*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

15-DEC-2020
_____    _____
          Date                                        Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Subscribed and Sworn** To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
*(Seal)*            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____  ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - Jackson - Kansas City - January 25, 2021 - 10:27 AM




OFFICE OF
# LYON COUNTY SHERIFF

JEFFREY A. COPE
SHERIFF

JOHN M. KOELSCH
UNDERSHERIFF

### AFFIDAVIT

RE:     Case     _Christopher Stoneman_

_vs_

_NorFork Iron & Metal_

Case # _____16 cv 25707_____

I, _____J.D. Leeking_____ , being of lawful age and first duly sworn, do

state:

That I am employed by the Lyon County Sheriff's Office, Lyon County, Kansas, and was so employed on _____ _01 19 2021_ .

That the _Summons_ to be served upon _James A Sello_ in the above matter was / were received in this Office

on _01 04 2021_ at _11:54_ hrs.

That I did serve _James Ajello_ by _serving wife Teresa_ at _2805 Sel Aire Ct. her Employment_

on _01 19 2021_ at _1605_ hrs.

That I was unable to attain service due to _____

_____.

I declare under penalty of perjury that the above and foregoing information is true and correct to the best of my knowledge.

_signature_

Subscribed and sworn to before me this
19 Day of _January_, 20 21.
_Christine D. Kolmer_
NOTARY PUBLIC
My Commission expires _01/29/2021_.

CHRISTINE D. KOLMER
Notary Public • State of Kansas
My Appt. Expires _01/29/2021_

425 MECHANIC STREET • EMPORIA, KANSAS 66801 • PHONE (620) 341-3205 • FAX (620) 343-2074



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN E ROUND | Case Number: 2016-CV25407 |
| Plaintiff/Petitioner:<br>CHRISTOPHER STONEMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES TRIVETT THOMPSON<br>EDELMAN & THOMPSON, L.L.C.<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>NORFOLK IRON & METAL | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

*JAMES AJello*

**The State of Missouri to:** JAMES J. AJELLO
**Alias:** *2318 Arrowhead Dr.*

2318 ARROWHEAD DRIVE
EMPORIA, KS 66801

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

15-DEC-2020
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn** To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
*(Seal)*  ☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.