IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER STONEMAN,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)<br>) Case No: 4:21-CV-00061-SRB |
| **NIM TRANSPORTATION LLC, and**<br>**JAMES J. AJELLO,** | )<br>) **ORAL ARGUMENT REQUESTED**<br>) |
| **Defendant.** | ) |

## DEFENDANT NIM TRANSPORTATION LLC'S MEMORANDUM OF LAW AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO COUNTS II, III, & IV

Defendant NIM Transportation LLC (hereinafter "NIM"), through undersigned counsel and for its Memorandum of Law and Concise Statement of Material Facts in Support of its Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, states as follows:

### I. CONCISE STATEMENT OF MATERIAL FACTS

Defendant NIM states there is no genuine dispute concerning any of the following material facts and Defendant is, therefore, entitled to judgment as a matter of law with regard to Plaintiff's Counts II, III and IV:

1. Plaintiff Christopher Stoneman and Defendant James Ajello were involved in a motor vehicle accident on July 16, 2018 in Jackson County, Missouri, while both were operating their respective vehicles on Interstate I-670. (*See* **Exhibit A**, Accident Report).

2. Defendant James Ajello was acting within the course and scope of his employment for Defendant NIM at the time of the subject motor vehicle accident. (*See* **Exhibit B**, Defendants' Answer, Doc. 30, ¶ 13).

## II. INTRODUCTION AND NATURE OF THE MATTER BEFORE THE COURT

The issue for resolution of Defendant NIM's Motion for Summary Judgment as to Counts II, III, and IV is whether a departure from Missouri law and the *McHaffie* rule is warranted as to whether permissible in this case to allow Plaintiff to pursue counts against Defendant NIM for negligent entrustment, negligent supervision/training, and negligent hiring when Defendant NIM has admitted to Defendant Ajello acting within the course and scope of his employment for Defendant NIM at the time of the subject motor vehicle accident. For the reasons stated herein, Defendant NIM believes no departure from long-standing Missouri precedent is warranted and, rather, pursuant to *McHaffie By and Through McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. banc 1995) Defendant NIM is entitled to summary judgment in its favor as to Plaintiff's Counts II, III, and IV.

## III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *see also Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 850 (8th Cir. 2005). The moving party bears the burden of demonstrating there are no genuine issues of material fact. *See Winthrop Res. Corp. v. Eaton Hydraulics, Inc.*, 361 F.3d 465, 468 (8th Cir. 2004). If the moving party has properly supported its summary judgment motion, then the burden shifts to the non-moving party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In reviewing a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a mere scintilla of evidence is insufficient to avoid summary judgment. *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992).

## IV.    ARGUMENTS AND AUTHORITIES

The general rule in Missouri since 1995 and the Missouri Supreme Court decision in *McHaffie By and Through McHaffie v. Bunch* has been that "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." 891 S.W.2d 822, 826 (Mo. banc 1995). Specifically as to the reasoning for such a rule, the Missouri Supreme Court articulated that:

> The reason given for holding that it is improper for a plaintiff to proceed against an owner of a vehicle on the independent theory of imputed negligence where *respondeat superior* is admitted has to do with the nature of the claim. Vicarious liability or imputed negligence has been recognized under varying theories, including agency, negligent entrustment of a chattel to an incompetent, conspiracy, the family purpose doctrine, joint enterprise, and ownership liability statutes. If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose.

*Id*. While Missouri recognizes causes of action for negligent entrustment and negligent hiring and other theories of liability against an employer stemming from an alleged injury caused by its employee, when the employer admits its employee was acting in the course and scope of employment for the employer, such evidence for the aforementioned, additional claims becomes "unnecessary because vicarious liability had already been established under the theory of *respondeat superior* under which the employer is strictly liable for all fault attributed to the negligent employee." *Id*. Therefore, Missouri law does not permit such additional, derivative theories of liability against the employer for negligent entrustment, negligent hiring, negligent supervision, etc. to proceed when the defendant-employer has already admitted its defendant-employee to having been acting in the course and scope of employment at the time of the incident alleged.

3

An exception to the general *McHaffie* rule is recognized for when claims of punitive conduct have been levied as against the defendant-employer. *See id*., at 826 (*stating* it is possible "that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee"). However, for all of the reasons stated within **Defendants' Joint Motion for Partial Summary Judgment**[1] as to Plaintiff's claims seeking an imposition of punitive damages, punitive damages are not warranted as against any Defendant to this cause, let alone NIM. In which case, the exception to the *McHaffie* rule does not apply.

Therefore, having admitted Defendant Ajello was acting in the course and scope of employment for Defendant NIM at the time of the subject accident at issue, it is improper for Plaintiff to proceed with the derivative Counts II, III, and IV asserted against Defendant NIM, and Defendant NIM is entitled to summary judgment in its favor as to said Counts, accordingly. (*See* SOF ¶¶ 1-2).

## V. CONCLUSION

Simply put, there is no genuine dispute that the *McHaffie* rule applies to preclude Plaintiff from seeking to pursue the derivative Counts II, III, and IV against Defendant NIM since NIM has admitted its employee Defendant Ajello was acting in the course and scope of employment for NIM at the time of the subject accident at issue.

WHEREFORE, Defendant NIM Transportation LLC respectfully requests the Court to enter Judgment in its favor as a matter of law as to Plaintiff's Counts II, III, and IV, and afford Defendant such other relief as the Court deems just and proper under the circumstances.

---

[1] Defendant incorporates by reference Defendants' Joint Motion for Summary Judgment and Concise Memorandum of Law and Statements of Undisputed Material Facts in support of the same as if fully set forth herein.

## REQUEST FOR ORAL ARGUMENT

Defendant requests, under Local Rule 7(e), oral argument on its Motion for Summary Judgment at such time that is convenient for the Court.

                          Respectfully submitted by:

                          BROWN & JAMES, P.C.

                          By: */s/ Taylor L. Connolly*
                          David R. Buchanan, MO #29228
                          Taylor L. Connolly, MO #66865
                          BROWN & JAMES, P.C.
                          dbuchanan@bjpc.com
                          tconnolly@bjpc.com

                          2345 Grand Boulevard, Suite 2100
                          Kansas City, Missouri 64108
                          816-472-0800
                          816-421-1183 - Facsimile

                          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 4th day of March, 2022, I electronically filed the above and foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                          */s/ Taylor L. Connolly*

27311481.1.tlc