IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STONEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CV-00061-SRB |
| ) | |
| NIM TRANSPORTATION LLC and ) | |
| JAMES J. AJELLO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is Defendant NIM Transportation LLC's ("NIM") Motion for Summary Judgment as to Plaintiff's Counts II, III, and IV. (Doc. #66.) For the reasons stated below, the motion is GRANTED.

I. BACKGROUND

This lawsuit arises out of a motor vehicle accident between Plaintiff Christopher Stoneman ("Plaintiff") and NIM's employee, Defendant James Ajello ("Ajello") in Jackson County, Missouri. Following the accident, Plaintiff sued NIM and Ajello in the Circuit Court of Jackson Count, Missouri. NIM and Ajello (collectively, "Defendants") subsequently removed this case based on diversity jurisdiction. In his Amended Complaint, Plaintiff asserts the following causes of action: Negligence against Defendants (Count I), Negligent Entrustment against NIM (Count II), Negligent Supervision/Training against NIM (Count III), and Negligent Hiring against NIM (Count IV).

NIM now moves for summary judgment on Counts II through IV. NIM admits that Defendant Ajello was acting in the course and scope of his employment for NIM at the time of the accident. NIM argues that this admission precludes Plaintiff from asserting additional

derivative negligence claims, such as the causes of action asserted in Counts II through Count IV. Plaintiff opposes the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires a court to grant a motion for summary judgment if (1) the moving party "shows that there is no genuine dispute of material fact" and (2) the moving party is "entitled to judgment as a matter of law." A nonmoving party survives a summary judgment motion if the evidence, viewed in the light most favorable to the nonmoving party, is "such that a reasonable jury could return a verdict for the nonmoving party." *Stuart C. Irby Co. v. Tipton*, 796 F.3d 918, 922 (8th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When, as here, federal jurisdiction is based on diversity of citizenship, federal courts "apply state substantive law." *Morgantown Machine & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, 887 F.3d 413, 415 (8th Cir. 2018).

## III. DISCUSSION

NIM argues it is entitled to summary judgment on Counts II through IV under *McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. banc 1995). In that case, the Missouri Supreme Court held that "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *Id.* at 826. Plaintiff does not dispute that under Missouri law, Counts II through IV should be dismissed. Plaintiff instead argues that Kansas substantive law, which does not have the same *McHaffie* restrictions as Missouri, should apply to Counts II through Count IV. The Court must therefore conduct a choice of law analysis.

### A. Kansas and Missouri Laws Conflict

"In a diversity action in federal court, the district court must follow the choice of law rules of the state in which it sits in order to determine which state's substantive law applies." *Birnstill v. Home Sav. of Am.*, 907 F.2d 795, 797 (8th Cir. 1990). "[B]efore entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states." *Phillips v. Marist Soc. of Washington Province*, 80 F.3d 274, 276 (8th Cir. 1996) (citations and quotations omitted). Here, the parties agree Kansas and Missouri law conflict regarding whether a plaintiff may proceed with alternative theories of liability against an employer who has admitted to respondeat superior liability for its employer's negligence. The Court will thus apply Missouri choice of law rules to determine whether Missouri or Kansas law should apply to Counts II through IV.

### B. Choice of Law Analysis

"When tort claims are at issue, the applicable law is 'the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties.'" *Brenneman v. Great Wolf Lodge of Kansas City, LLC*, No. 15-cv-00683-SRB, 2016 WL 10675900, at *2 (W.D. Mo. Jan. 20, 2016) (quoting *Thompson v. Crawford*, 833 S.W.2d 868, 870 (Mo. banc. 1992)).

> [Missouri] follows the Restatement (Second) of Conflict of Laws § 145, (1971) which provides:
>
> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>     (a) the place where the injury occurred,

3

(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

*Thompson*, 833 S.W.2d at 870.

Section 6 of the Restatement identifies the following principles to be considered in guiding the decision of which state's laws to apply:

(a) the needs of the interstate and international systems;
(b) the relevant policies of the forum;
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
(d) the protection of justified expectations;
(e) the basic policies underlying the particular field of law;
(f) certainty, predictability, and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

*Brenneman*, 2016 WL 10675900, at *2 (quoting Restatement (Second) of Conflict of Laws § 6, (1971)). "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Thomson*, 833 S.W.2d at 870.

As a threshold issue, Plaintiff argues that Missouri applies the doctrine of depecage, meaning choice of law questions are determined on an issue-by-issue basis. Even though the parties agree that Missouri law applies to the negligence claim in Count I, Plaintiff argues Kansas has a stronger interest regarding the negligent employer theories of liability in Counts II through IV. Missouri law does apply the doctrine of depecage, "whereby different issues in a single case arising out of a single set of facts may be decided according to the laws of different states." *Glasscock v. Miller*, 720 S.W.2d 771, 775 n.1 (Mo. App. S.D. 1986) (internal citations and quotations omitted). However, the Court agrees with NIM that "what Plaintiff advocates for now is for the Court to apply different states' substantive laws to the same issue, the issue of liability . . . [which] has not been considered, let alone authorized, by any Missouri court."

4

(Doc. #80, p. 5.) Upon review, no court has interpreted the doctrine of depecage to allow for different state laws to apply to the same issue of liability in a case involving a single motor vehicle accident. The Court finds that Missouri law should apply to Count I and, accordingly, also to Counts II through IV.

Even if Missouri law would allow the Court to apply Missouri law to Count I but Kansas law to Counts II through IV, the Court finds Missouri law would still apply. "The Restatement approach, in personal injury actions, 'essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred, absent an overriding interest of another state based on the factors articulated in section 6.'" *Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 396 (Mo. App. W.D. 2013) (quoting *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir.1994)). "[T]he conduct giving rise to injury, and the relationship of the parties . . . are considered more significant . . . when the conflict at issue involves a rule of conduct or question of liability." *Id.* at 397.

Here, the "relationship of the parties" factor weighs in favor of applying Missouri law. Plaintiff and Defendants have no relationship outside of the accident, which occurred in Missouri. Regarding the place where the injury-causing conduct occurred, Plaintiff argues this factor weighs in favor of applying Kansas law on Counts II through IV because most of the hiring, training, and the entrustment of the vehicle involved in the accident occurred in Kansas. Plaintiff attaches evidence which demonstrates that Ajello would start his job in Emporia, Kansas, has a Kansas driver's license, received post-accident counseling in Kansas, and was drug tested after the accident in Kansas. Plaintiff argues Kansas has the superior interest when considering § 6(c), the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, because "Kansas has a significant interest

5

in promoting safe driving and safe employment practices for those drivers and employers." (Doc. #78, p. 11.)

While Kansas may have some interest in this case, the Court finds Missouri has the more significant relationship to the occurrence and the parties. The accident that caused the injury occurred in Missouri so, therefore, conduct that gave rise to the injury occurred in Missouri. Missouri has a strong interest in applying its own rules of conduct which are designed to protect the public from acts committed within the state. Further, when considering the relevant policies of the forum under § 6(b), Missouri has a policy of preventing a plaintiff from proceeding with additional theories of employer liability, as set out here in Counts II through IV, as "such evidence [is] unnecessary because vicarious liability ha[s] already been established under the theory of *respondeat superior* under which the employer is strictly liable for all fault attributed to the negligent employee." *McHaffie*, 891 S.W.2d at 826. Applying Kansas law would frustrate this interest because Plaintiff would be allowed to assert Counts II through IV despite NIM's admission of liability. On the other hand, Kansas's interest in promoting safe driving for employees and employers in its state would not be frustrated if the Court applied Missouri law because NIM and Ajello could still be found liable for Plaintiff's injuries in Count I.

In turn, the Court finds Missouri law applies to Counts II through IV. Because Missouri law applies, *McHaffie* requires the dismissal of Counts II through IV. NIM's Motion for Summary Judgment is thus granted.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that NIM's Motion for Summary Judgment as to Plaintiff's Counts II, III, and IV (Doc. #66) is GRANTED. Counts II, III, and IV are hereby dismissed.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2022